## SUPREME COURT.

### WILLIAM H. CHENEY, respondent agt. NATHAN FISK, impleaded, &c., appellant.

Where the fact is alleged in terms in the complaint, that the plaintiff was duly appointed *receiver*, which if denied in the answer of the defendant, the plaintiff would be bound to show by competent evidence the facts necessary to constitute him a lawful receiver, the allegation in the complaint will be considered sufficient. It is doubtful, however, whether this question can be raised by *demurrer*. The remedy of the defendant seems to be under § 160 of the Code, to have the complaint made more definite and certain.

Where the complaint contains but *one count or statement* of a cause of action, which states facts constituting two or more distinct causes of action, the remedy is not by *demurrer for duplicity*, but by motion to strike out all but one cause, or to compel the plaintiff to elect by which he will abide.

*Submitted Monroe General Term, December*, 1859.
*Decided Monroe General Term, March*, 1860.
WELLES, SMITH and JOHNSON, *Justices.*

APPEAL by defendant Fisk, from an order of special term overruling demurrer to the complaint.

SELDEN, MUNGER & THOMPSON, *for appellant.*
GEORGE B. BRAND, *for respondent.*

By the court, WELLES, Justice. The first objection to the complaint now urged is, that it is defective in its averments as to the appointment of the plaintiff as receiver. The demurrer itself does not, I think, point out this defect; but the defendant insists that admitting this to be so, yet that the objection may be made under the specification that " the complaint does not state facts sufficient in law to sustain the action."

The complaint, after setting forth the judgments and executions against Manley, and the returns thereto by the sheriff of the county of Monroe, unsatisfied, proceeds to state that after such returns, proceedings supplementary to·

execution in behalf of the plaintiffs on each of the judgments, were duly instituted in each of the judgments against Manley, in accordance with the Code of Procedure in such case made and provided ; under and by virtue of which proceedings, and by an order made in each thereof, the plaintiff was duly appointed receiver of the property, estate and effects, debts, equitable interests, and things in action of said Manley, with the usual rights and powers of receiver, according to law in such case made, provided and conferred. That such orders were made respectively by the justice or judge before whom such supplementary proceedings were instituted in each of said judgments, " for which reference is made to the papers and proceedings supplementary in each of said actions, on file in the Monroe county clerk's office." It is afterwards stated in the complaint, " that this plaintiff has become, under and by virtue of said orders, so made as aforesaid, and still is, receiver of the property, estate, effects, equitable interests, and choses in action of the said Adin Manley, and has duly executed the security as such receiver, required in and by the aforesaid orders so made as aforesaid, and filed the same in the office of the clerk of Monroe county." There is no other statement in the complaint on the subject of the plaintiff's character or office of receiver. The reference to the proceedings on file in the clerk's office, does not help the case in this respect, as it does not appear what those proceedings were, nor before what judge or justice they were had. There is an entire failure, therefore, to show the facts by which the court can see that the plaintiff was ever lawfully constituted a receiver as alleged.

But the question still remains, whether the fact is not stated that the plaintiff is the receiver, &c. It is in terms stated, and upon the whole, I think, sufficiently. If the allegation should be denied by the defendant's answer, it would be incumbent upon the plaintiff to show by competent evidence, the facts necessary to constitute him a law-

ful receiver. (*See Code*, § 161.) And besides, I doubt very much, whether this objection can be raised upon the present demurrer.

The second ground upon which a defendant may, by § 144 of the Code, demur to a complaint, is, "that the plaintiff has not legal capacity to sue"; and that would seem to be the appropriate ground of this objection to the present complaint. That ground is not stated in this case. (*Smith* agt. *Levinus*, 4 *Seld.*, 472.) I incline also to think that the objection, as the complaint stands, cannot be raised on demurrer under any specification that could be made. The main fact is alleged, viz : that the plaintiff was duly appointed receiver ; and the objection is, that the plaintiff does not state with sufficient precision how he became such. It seems to me to be a case where the defendant, if he needed the information, might apply to the court under § 160 of the Code, to have the complaint made more definite and certain, by amendment. (*See Howell* agt. *Fraser*, 6 *How. Pr. R.*, 222 ; *Adams* agt. *Holley*, 12 *How. Pr. R.*, 326.)

The remaining objection to the complaint is, that it is multifarious.

The complaint contains but one count or statement of a cause of action, and in such case, if the count state facts constituting two or more distinct causes of action, the remedy is not by demurrer, but by motion to strike out all but one cause, for redundancy, or to compel the plaintiff to elect by which he will abide.

One of the causes of demurrer allowed by the Code, is the 5th subdivision of § 144, and is in the following words : " 5. That several causes of action have been improperly united." The whole section should, I think, be construed in reference to § 167, which declares what causes of action may be joined in the same action. In giving a construction to the 5th subdivision of § 144, it should be understood as applying and referring to causes of action stated sepa-

rately, and not to several distinct causes of action stated in a single count or statement of a cause of action ; for that would be the same thing as a demurrer for duplicity, which is understood to be abolished. It was never understood to be a matter of substance, to be reached by a general demurrer, but was always required to be stated specially, and the duplicity to be pointed out in the demurrer. That, even, is not done here, but the demurrant contents himself by merely stating that " the complaint contains various causes of complaint, which cannot be joined together." This would never have availed at common law in a demurrer for duplicity. (1 *Ch. Pl.*, 662, 4th *Am. from* 3d *Lond. ed.*)

My opinion is, that if a single count or statement of a cause of action, or one that professes to be that, is found upon examination to contain more than one cause of action, it is not liable to demurrer under the 5th subdivision of § 144 ; and that, although the two causes, if stated separately, might not be united in one action, but that in such cases the defendant's remedy is by motion. That a demurrer lies under that subdivision, where several causes of action are united, not in a single count or statement, but in several, and where, if the demurrer be allowed for that cause, the court may in its discretion order the action to be divided into as many actions as may be necessary, &c., as provided for in the latter part of § 172. But if I am wrong in this, it seems to me quite clear that the specification of the cause of demurrer is insufficient.

With respect to the question whether the complaint is in fact multifarious; I incline strongly to the opinion that it is not obnoxious to that objection. I have considered the question with some care, but not sufficiently to decide it. If I am right in the other positions taken, it is unnecessary to decide it.

I think, therefore, that the order overruling the demurrer should be affirmed.

Ordered accordingly.