Phelps *v.* Platt.

[NEW YORK GENERAL TERM, June 3, 1867. *George G. Barnard, Davis* and *Sutherland,* Justices.]

---

## PHELPS *vs.* PLATT and others.

Ordinarily, a creditor of the estate of a deceased person cannot maintain an action against a fradulent vendee of the latter to impeach the sale of personal property, unless the executor or administrator should collude with the fraudulent vendee, or, after reasonable request, refuse to take proceedings to impeach the title and reach the property in his hands.

But this rule, generally, applies *only* to personal property, over which the executor or administrator has exclusive control.

In respect to *real estate*, the law having designated no person, especially, to vindicate the rights of those who have been injured by the fraud, a *creditor* can maintain an action against the grantee of his debtor, to set aside an alleged fraudulent deed.

DEMURRER to the complaint in an action brought by a creditor of the grantor, against the grantee, in a deed of real estate, to set the same aside as fraudulent.

CLERKE, J. 1. Undoubtedly it is now well established that, ordinarily, a creditor of the estate of a deceased person cannot maintain an action against a fraudulent vendee of the latter to impeach the sale of personal property, unless the executor and administrator should collude with the fraudulent vendee, or, after reasonable request, refuse to take proceedings to impeach the title and reach the property in his hands. (*Bate* v. *Graham,* 1 *Kern.* 237.) But this ordinarily applies

Phelps *v.* Platt.

*only* to personal property, over which the executor or administrator has exclusive control. " The executor or administrator," as the court say in the case to which I have referred," is the party designated by the law to vindicate all such rights ; and it would be incongruous to allow the creditor to pass him by, and bring an action directly against a party whom he conceïves to be accountable to the executor." But this is an action to set aside an alleged fraudulent deed of real estate ; and the law has designated no person, especially to vindicate the rights of those who have been injured by the fraud. . We have seen that, in regard to personal estate, where the executor or administrator colludes with the fraudulent vendee, or after reasonable request refuses to take proceedings to impeach his title and to reach the property in his hands, a creditor can maintain an action against him for that purpose. This is, evidently, because the creditor would, otherwise, be without remedy, and would fail to have the property which has been fraudulently assigned, appropriated to the payment of his demand ; and the law never allows any wrong to be unredressed, or any right unvindicated. If, then, in regard to real estate, no person is designated to take measures to have a fraudulent transfer of it set aside, why should not a creditor have the same priviledge that he would have in regard to personal estate, where the executor or administrator refuses to act. In neither case will the law allow him to be without remedy.

2. The only remaining question of which I had any doubt, was whether the issuing of the execution and exhaustion of the legal remedy was sufficiently stated. But, on referring to *Cheney* v. *Fisk*, (22 *How. Pr.* 236,) I find it decided at general term, that when-the fact is alleged in the complaint, that the plaintiff was *duly* appointed a receiver, which, if denied in the answer, the plaintiff would be bound to show by competent evidence, the facts necessary to constitute him a lawful receiver, the allegation in the complaint will be considered sufficient. The remedy seems to be under section 160

of the Code, to have the complaint made more definite and certain.

The demurrer is overruled, with costs, with liberty to the defendants to answer within twenty days, on payment of said costs.

[NEW YORK SPECIAL TERM, October 7, 1867. *Clerke*, Justice.]