## RICHARD CHILLINGWORTH *vs.* JOHN FREEMAN.

The judgment roll in an action brought by a creditor, against the administrator of a deceased judgment debtor, to reach the interest of such judgment debtor in real estate, to which action the heir at law of the debtor and his wife, the grantee, was not a party, is not admissible in evidence against such heir at law, in a subsequent action, brought against him by a creditor of the intestate for the same purpose.

Real estate was purchased by E. C., and the conveyance taken in the name of his wife, the purchase-money being, in part, advanced by E. C. *Held*, that the statute of uses and trusts (3 R. S., 5th ed., 15, §§ 51, 52,) impressed a trust upon the land in favor of persons who were creditors of E. C., at the time the payment was made and the conveyance taken.

And that a creditor, whose debt was then due, could enforce the payment of the same out of the lands so purchased, and which had descended to the defendant as the heir at law of the grantee named in such conveyance; where it appeared that the debtor had no legal estate which could be reached by a judgment and execution, and that there were no personal assets belonging to the estate of E. C.; that his administrator had settled his accounts and been discharged by the surrogate; and that the defendant was the sole heir at law, and represented the whole estate in the premises.

THIS action is in the nature of a bill in equity, to reach the interest of Edward Chillingworth in the premises described in the complaint, the title to which he took in the name of his wife, and she having died leaving the defendant her heir at law. The findings will present the facts upon which the decision of the questions involved is based. The debt arose in 1853. The conveyance was in 1862, and the payments by Edward C. were in 1862. The wife died in 1869, intestate, and the defendant is her sole heir at law.

*H. C. Leavenworth* and *W. C. Ruger*, for the plaintiff.

*D. Pratt*, for the defendant.

HARDIN, J. The ruling was reserved at the hearing in respect to the admissibility of the judgment roll in the action of this plaintiff against the administrator of Edward S. Chillingworth. That ruling was, by con-

sent of counsel, reserved, and is to be made at the time of the consideration of the other questions in the case.

The question raised by the objections made by the defendant has recently been examined by the Court of Appeal in *Sharpe* v. *Freeman* (45 *N. Y.*, 802 ;) and in acccordance with the rule there laid down, the objections are sustained and the judgment is excluded.  It is not binding upon the heir at law ; he was not a party to it ; he had no opportunity to contest the claims of the plaintiff in that suit ; and hence he is not bound by the judgment.

It appears by the proofs taken in this case that the administrator has converted into cash all of the personal assets of the intestate, and made a final settlement before the surrogate having jurisdiction in respect thereto ; and that he was discharged before the commencement of this action.  The proof also establishes that the intestate died *insolvent,* and that the assets which came to the hands of the administrator were only equal to about eighteen cents on the dollar of the debts and liabilities of the estate.

Thereupon the plaintiff comes into this court and invokes its powers to enable him, as a creditor of the intestate, to reach the money paid by the intestate upon his purchase of the house and lot described in the complaint.

It is now well settled that the intestate, the debtor, had no *legal estate* which could be reached by a *judgment* and *execution* against him, and that the plaintiff must be aided by a court of equity if he shall in any way reach the interest of the intestate in the premises. (3 *R. S., 5th ed., p.* 15, §§ 51 *and* 52.  *Brewster* v. *Power,* 10 *Paige,* 562.  *Wood* v. *Robinson,* 22 *N. Y.,* 564.  *Garfield* v. *Hatmaker,* 15 *N. Y.,* 475 ; 31 *Barb.,* 391 ; 60 *id.,* 62.)

The purchase-money, in part, having been advanced by the intestate, the sections of the statute of uses and

Chillingworth *v.* Freeman.

trusts already cited, impress a trust upon the land in favor of the creditors of the intestate at the time the payment was made and the conveyance taken in the name of his wife. ( *Wood* v. *Robinson, supra.*)

It follows, therefore, that the plaintiff, as holder of the note made in 1853 by the intestate and kept alive by him by virtue of such resulting trust, is entitled to enforce the same out of the land so purchased, and which has descended to the defendant as the heir at law of the grantee named in such conveyance ; and a decree must be made in aid of the plaintiff's right in that respect.

Were this action brought to enforce the plaintiff's rights, and sought to be sustained in virtue of the Revised Statutes conferring jurisdiction upon courts of equity, it might well be doubted whether the same could be sustained ; but it is brought to reach property fraudulently disposed of, to enforce a pure trust declared by statute to exist in favor of a creditor. (*Conro* v. *Port Henry Iron Co.*, 12 *Barb.*, 58. 1 *Paige*, 305. 6 *id.*, 526. 3 *John. Ch. R.*, 481. 6 *N. Y.*, 252. *McCartney* v. *Bostwick*, 32 *N. Y.*, 53 ; 46 *id.*, 12.)

It is urged by the defendant's counsel that the court should look into all the circumstances surrounding this case, and apply the same rules as though there was a question as to a voluntary conveyance by the husband to the wife, and pass upon the question of fact, in the light of the principles which govern that class of cases.

The statute (§ 52,) already quoted, declares that such conveyance shall be presumed fraudulent as against the creditors "at the time" of the person paying the consideration, and it is made the duty of the court to look into the evidence and circumstances surrounding the conveyance, and determine whether that "fraudulent intent is disproved," and if not fully satisfied that it is disproved, to give the proper and legitimate effect to

the presumption of fraudulent intent named in the statute.

The creditor, upon establishing that his debtor has paid the consideration for the land, and taken the conveyance in the name of another, starts with a presumption that the act of the debtor was fraudulent; and, until that is overcome, he may stand upon that presumption and demand the relief secured to him by the statute. (32 *N. Y.*, 59.) But as to subsequent creditors the rule is otherwise. (*Larmore* v. *Campbell*, 60 *Barb.*, 62, 4 *Abb. N.S.*, 210.)

And it is held, in numerous cases, that a resulting trust must arise at the time of the execution of the conveyance; and that the subsequent application of the funds of a third party to the benefit of the estate of a grantee, does not raise a resulting trust, so as to affect or divest the legal estate of the grantee. (*Tiff. & Bul. on Trusts and Trustees*, 32. *Rogers* v. *Murray*, 3 *Paige*, 397. *White* v. *Carpenter*, 2 *id.*, 217.)

And this is in harmony with the section of the statute which declares a trust in favor of creditors, "at the *time*," of the person paying the consideration, " to the extent that may be necessary to satisfy their just demands," existing at the time the conveyance is so taken.

The evidence taken in this case fails to establish that the payments in 1864 and 1866 were made with intent to defraud the creditors of the intestate, and therefore there is no ground for relief in favor of the creditors holding debts contracted subsequent to the conveyance of the legal titles in 1862 to the wife. (24 *N. Y.*, 623. *Dygert* v. *Remerschnider*, 32 *N. Y.*, 632, 636. *Wilber* v. *Fradenburgh*, 52 *Barb.*, 474. *Newman* v. *Cordell*, 43 *id.*, 448.

Some question was made, upon the hearing, by the defendant, in respect to the plaintiff's right to maintain this action without judgment against the debtor, and

Chillingworth *v.* Freeman.

execution returned; but, as that question has not been raised upon the argument, it is not deemed necessary to consider it at length. But it may be observed, that no objection is taken, by demurrer or by answer that it appears that there are no personal assets belonging to the estate of the deceased, and that the administrator has settled his accounts and been discharged by the surrogate, and the defendant is the sole heir-at-law, and represents the whole estate in the premises.

Were the questions in respect to *personal property*, the case of *Bate* v. *Graham* (1 *Kernan*, 237,) would be an authority for holding the bill could not be sustained; but this being a bill to enforce the "pure trust" which has been impressed upon the lands, and the administrator has been discharged, it is supposed, that the rule laid down in *Hayner* v. *Holker*, (14 *How. U. S. R.*, 36,) and in 50 *Barb.*, 430, justify the application of the plenary jurisdiction of a court of equity to the case made by the proofs.

The reasoning of the court in 32 *N. Y.*, 59, is in harmony with the right of the plaintiff to sustain this bill; but the force of that case is somewhat impaired by the learned opinion of Chief Justice Church in 46 *N. Y.*, 12. In the latter case, however, *the debtor had been discharged before the commencement* of the suit by bill to enforce the trust, and before the filing of *lis pendens*.

But in this case the *debt remained, and the creditor had exhausted the personal assets*, and the land *only remained* impressed with the trust, and to *enforce that trust* this action is brought, in which the heir-at-law has had ample opportunity to contest the validity of the creditor's debt, and to present any defence which he might have thereto, as fully as though an application had been made before a surrogate for leave to mortgage, lease, or sell, real estate for the payment of debts. (45 *N. Y.*, 806.)

Judge GARDINER, in the *Chautauqua Co. Bank* v. *White*, (2 *Seld.*, 252,) says that "the common law powers of the court, in reference to fraudulent trusts and conveyances are not touched" by the provisions of the Revised Statutes relating to creditors' bills. That "fraud and trust were familiar heads of equity jurisdiction, independent of the statute. The creditor invoking the aid of the court must establish his title to its interposition by alleging a lien, or a *quasi* lien, upon the real or personal property which was the subject of the trust; and he would then be entitled to relief, *notwithstanding he had a remedy at law by levy and sale upon execution.* In all cases of fraudulent trusts, the court may, in its discretion, direct a sale by a master, and compel the debtor and trustee to unite in the conveyance to the purchaser.

Again, in the language of PORTER, J., (32 *N. Y.*, 60,) "it simply presents a case for the exercise of the *original jurisdiction* of a court of equity in enforcing a trust declared by law." Chief Justice CHURCH adverts to the cases quoted, and comments upon them, but his decision is finally placed upon the ground that the *debt and lien were gone*. He says, at page 22 of 46 *N. Y.*, "The plaintiffs sought to enforce and secure a lien against this property by virtue of their rights as creditors. The debt having *been discharged*, they were *not creditors*, and could not avail themselves of the resulting trust, which was secured to *creditors only*. That relation must exist at the time of the *conveyance, and at the time when* the action is commenced to *establish the lien.*"

The judgment here will establish the debt, declare the lien thereof upon the property named in the conveyance in favor of the creditor having a debt "at the time," and direct a sale of the property by a referee, and payment of the debt and costs out of the pro-

Bissell *v.* New York Central Railroad Company.

ceeds of sale, and a delivery of the surplus to the defendant.