CHARLES G. TEED et al., Appellants, *v.* PETER VALENTINE et al., Respondents.

In an action brought to set aside a conveyance as fraudulent as against the creditors of the grantor, it appeared that the debt upon which plaintiffs' judgment was recovered was for property sold after the delivery of the deed. The grantor was allowed to testify, under objection, that he in fact purchased the property, and other property for which other judgments had been obtained against him as agent for his son, and that he did no business on his own account. *Held*, no error; that the judgments conclusively established that as between him and the plaintiffs the debts were his, and he was liable for them; but, that it was competent to show that he in fact acted as agent for his son, and as between him and his son the debts were those of the latter; and that as plaintiff could successfully assail the deed only by showing it was given with a view to continue in business, to create future debts, and to save his property from them, or to defraud his future creditors, it was competent for defendants to show that the grantor did not in fact carry on business on his own account or actually contemplate the creation of future debts.

(Argued May 6, 1875; decided June term, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department affirming a judgment in favor of defendants, entered upon a decree of the court at Special Term.

The action was brought by plaintiffs, judgment creditors of Peter Valentine, after return of an execution unsatisfied, to set aside a conveyance made by him through his son to his wife, of certain real estate situate in the city of New York, upon allegations that the conveyance was made to defraud creditors. The facts appear sufficiently in the opinion.

*W. H. Robertson* for the appellants. A judgment obtained without fraud or collusion is conclusive evidence of the relation of debtor and creditor between the parties to the record and the amount of the indebtedness, and evidence to contradict it is improper and inadmissible. (*Candee* v. *Lord*, 2 Comst., 269.) The deed was fraudulent and void. (*Carpenter* v. *Roe*, 6 Seld., 227; *Savage* v. *Murphy*, 34 N. Y., 508.)

*Sidney S. Harris* for the respondents. Plaintiffs waived the estoppel of the judgment by taking issue on the facts, and the court was at liberty to find according to the facts. (*Wood* v. *Jackson*, 8 Wend., 35, 40; *Vooght* v. *Winch*, 2 B. & Ald., 668; *Magrath* v. *Hardy*, 4 Bing. [N. C.], 782; *Howard* v. *Mitchell*, 14 Mass., 241; *Adams* v. *Barnes*, 17 id., 365.) Mrs. Valentine and Peter Valentine, Jr., were not bound by that judgment. (*Doe* v. *Derby*, 1 A. & E., 783, 790; 2 Smith's L. Cas., 434, 444, 590, 686.) A creditor who obtains a judgment subsequent to the title of a vendee of the debtor cannot impeach the vendee's title except on the ground that there was an actual intention to defraud. (*Seward* v. *Jackson*, 8 Cow., 407; *Babcock* v. *Echler*, 24 N. Y., 623; *Dygert* v. *Remschneider*, 32 id., 629; *Sedgwick* v. *Place*, 5 Bk. Reg., 168; *Verplanck* v. *Story*, 12 J. R., 554; *Wilbur* v. *Fradenburg*, 22 Barb., 474; *Bucklin* v. *Bucklin*, 1 Keyes, 141; *Holmes* v. *Clark*, 48 Barb., 237; *Phillips* v. *Wooster*, 36 N. Y., 412.) Peter Valentine was a competent witness. (*Wehrkamp* v. *Willett*, 1 Keyes, 250; *Cara* v. *Cara*, 39 N. Y., 317; *Shoemaker* v. *McKee*, 19 How. Pr., 86; *Hooper* v. *Hooper*, 43 Barb., 292; *Marsh* v. *Potter*, 30 id., 506; *Schæffer* v. *Reuter*, 37 id., 647.)

Earl, C. On the 29th day of November, 1864, the defendant Peter Valentine owned certain valuable real estate in the city of New York; and on that day, with his wife, the defendant Cornelia M., in consideration of one dollar paid to him by his son, the defendant Peter Valentine, Jr., conveyed the real estate to the latter, who on the next day conveyed the same real estate, without any consideration, to his mother Cornelia M. Both deeds were, on the 13th day of December, 1864, recorded in the register's office of the city and county of New York. This action was commenced to set aside both conveyances as fraudulent as to the plaintiffs, judgment creditors of Peter Valentine. Plaintiff's judgment was recovered for cattle alleged to have been sold to Peter Valentine December 12, 1864. The judge at Special Term found that

Peter Valentine was not indebted, at the time of the convey-ance, except for some small items of current family expenses and a mortgage upon the real estate conveyed. There was sufficient evidence to sustain this finding, and hence we are concluded by it, and the case must be treated as if he was entirely free from debt at that time. On the twenty-eighth day of November Peter Valentine purchased some cattle of S. G. Woodruff & Bro., and also of one John A. Merritt, which were not paid for until some time in December. It was a controverted question, upon the trial, whether he pur-chased these cattle as principal or as agent for his son Wash-ington; his son paid for them, and the judge found they were purchased as agent for him, and that the debts for them while they existed were not the debts of Peter Valentine.

On the 6th and 26th of December, 1864, Peter Valentine again purchased cattle of John A. Merritt, and the purchase-price not having been paid, Merritt sued him, and in Feb-ruary, 1865, recovered judgment against him. On the 12th day of December, 1864, he purchased cattle of the plaintiffs, and they thereafter sued him and recovered the judgment upon which this action is founded. On the nineteenth day of December he again purchased cattle of S. G. Woodruff & Co., and they afterward sued him and recovered judgment against him for the purchase-price.

Upon the trial of this action Peter Valentine testified in substance that he bought all the cattle, in fact, as agent for his son. This was objected to on the ground that the judg-ments were conclusive on the point. The objection was over-ruled, and plaintiffs excepted.

These judgments were all recovered by default, yet they conclusively established that, at their respective dates, Peter Valentine was indebted the amounts recovered. They did not establish the fact that Peter Valentine made other purchases of cattle as principal, or that he was engaged in the business of purchasing cattle on his own account, or that he did not in every case in fact purchase, as claimed by him, as agent for his son Washington. The judgments established the fact that for

the purchases covered by them as between him and the plaintiffs therein, the debts were his and that he was liable to them; but it was still competent for him to show in this action that he in fact acted as agent for his son, and that as between him and his son the debts were actually his son's debts; and the judge at Special Term did find that he in fact acted as agent in making the purchases.

Plaintiffs' debt was created subsequently to the deed of conveyance, Peter Valentine at the time being free from debt. Hence, the plaintiff could successfully assail the deeds only by showing that they were given with a view of continuing in business and creating future debts, and saving his property from them, or for the purpose of defrauding his future creditors. It was therefore competent for defendant to show that Peter Valentine did not in fact carry on any business on his own account or actually contemplate the creation of future debts.

I am therefore of the opinion, that the finding at Special Term upon evidence which we must regard as sufficient, that Peter Valentine was not actually engaged in business, as principal in 1864; that the conveyances were made without any intent to hinder, delay or defraud the plaintiffs or any other persons who were, or might become his creditors and that he did not, at the time of the conveyances, contemplate becoming indebted at any future time to plaintiffs or other parties, required a determination of this action adverse to the plaintiffs. (*Carpenter* v. *Roe*, 10 N. Y., 227; *Savage* v. *Murphy*, 34 id., 508; *Seward* v. *Jackson*, 8 Cow., 406; *Dygert* v. *Remschneider*, 32 N. Y., 629.)

Without more, I will simply add, that in *Woodruff* v. *Valentine* (57 N. Y., 663), upon precisely the same state of facts, we decided adversely to the plaintiffs, affirming a judgment for the defendants rendered at the same time the judgment now under consideration was rendered, and that decision is a conclusive authority against the plaintiffs here.

Judgment affirmed with costs.

All concur.

Judgment affirmed.