WILLIAM S. KENNEDY, RECEIVER OF THE ESTATE, REAL
AND PERSONAL, OF JOHN McGUIRE, RESPONDENT, *v.*
MARY E. McGUIRE, APPELLANT.

*Creditor's bill — statements of husband — when inadmissible against wife.*

This action was brought by a receiver of John McGuire, to have a judgment
against him declared a lien upon a lot conveyed by his father to the defend-
ant, John McGuire's wife, plaintiff claiming that the consideration for the lot
and the cost of a building erected upon it had been furnished by the son.
Upon the trial John McGuire was examined, and testified that the money he had
paid to the contractor had been paid by him as agent for his father. A ref-
eree, before whom he had been examined in supplementary proceedings, was
then called, and was allowed, against defendant's objection and exception, to
testify that on such examination McGuire swore that this money was loaned
to him by his father; and also, that he (John McGuire) gave the deed to his
wife as a present.

*Held,* that this evidence was inadmissible as against the wife.

APPEAL from a judgment in favor of the plaintiff, entered upon
the report of a referee.

*Thomas McManus* and *Nathaniel C. Moak,* for the appellant.

*La Mott W. Rhodes,* for the respondent.

TAPPAN, J.:

Defendant appeals from a judgment entered upon the report
of a referee.

One Thomas Curley, on the 17th of November, 1874, recovered
a judgment against said John McGuire for $292.10; and, after
the return of an execution against such debtor, instituted proceed-
ings supplemental to execution, under which, on March 11th,
1876, plaintiff was appointed receiver of the property of such
debtor; and, as such, by leave of the court, brought this action
to have such judgment declared a lien upon a lot of land on the
west side of Second street, in the eleventh ward of the city of Troy;
and, after trial before a referee, obtained a decree herein that such
judgment is a lien upon said premises, subject to a mortgage to
Jonas C. Heartt; directing that such premises be sold on execu-

tion to be issued to the sheriff of Rensselaer county, subject to such mortgage; and that, from the avails of such sale, said judgment be paid, $65, costs of such supplemental proceedings and the costs of this action. The defendant is the wife of John McGuire. They were married in 1868. Previously to February 27th, 1873, the land in question had for several years been owned by William McGuire, the father of John. On that day, and just after a new house had been erected thereon, William conveyed the premises to the defendant, without any consideration passing from defendant to him. The judgment in question was recovered for carpenter work and material furnished by Curley, between November 18th, 1872 and the date of the conveyance, in finishing the house upon the premises in question, under a written contract between said Curley and said John McGuire, as follows:

"TROY, N. Y., Nov. 18, 1872.
" I agree to pay Thomas Curley the sum of $745 for the carpenter work of my house on Second street, in the city of Troy, N. Y."                                    " MR. JOHN McGUIRE."

Accompanying the contract were specifications of the work to be done and the materials to be furnished. The theory of the plaintiff upon the trial, and that sustained by the findings of the referee, was that, at the time of the conveyance by William McGuire to the defendant, her husband furnished the consideration which was the moving cause for such conveyance, and was at the time really the equitable owner of the premises, by reason of a verbal agreement of his father to give the same to him, under which he had paid taxes and expended money for building a house thereon; that Curley was a creditor of said John McGuire; and that, as to such creditor, and plaintiff, who represented him, such conveyance is presumed fraudulent to the extent necessary to satisfy such debt. (2 R. S. [6th ed.], 1105, §§ 51, 52.). If John McGuire paid the consideration, and caused the conveyance to be made to his wife, plaintiff's position is correct.

By issuing execution against the property of the judgment debtor, which has been returned unsatisfied, Curley exhausted his legal remedy; and, upon the appointment of a receiver and the

commencement of this action, he acquired a lien upon any equitable estate of the debtor in the lands in question. (*Neate* v. *Duke of Marlborough*, 3 Myl. & Craig, 407, 415; *Beck* v. *Burdett*, 1 Paige, 305; *O. N. Bank* v. *Olcott*, 46 N. Y., 12; opinion of Church, J., 19, 20.)

The conveyance being good as between the grantor, grantee and the person who has paid the consideration, the law requires that the legal remedies against the person who has paid the consideration shall be exhausted by the creditor of the latter, before resort is had to the trust created by the statute to obtain such payment. (*Garfield* v. *Hatmaker*, 15 N. Y., 475; *McCartney* v. *Bostwick*, 32 id., 53; *Tappan* v. *Butler*, 7 Bosw. 480.)

The presumption raised by the statute is not conclusive. The burden is cast upon defendant, in defense of her title, to disprove a fraudulent intent. (See case last above cited.) Also *Dunlap* v. *Hawkins* (59 N. Y., 342); and the question upon the evidence was whether John McGuire did actually pay the consideration for the deed, and if so, whether such deed was made with intent to cheat and defraud Curley. (*Savage, Receiver,* v. *Murphy*, 34 N. Y., 508; *Case* v. *Phelps*, 39 id., 164; *Shand* v. *Hanly*, 5 W. D., 551.

The innocence of any fraudulent intent on the part of the defendant will not protect the title. (*Young* v. *Heermans*, 66 N. Y., 374; *Pendleton* v. *Hughes*, 65 Barb., 136.)

Defendant insisted upon the trial that her husband had no interest in the lot before the house was erected; that William McGuire had built the house at his own expense, and had paid all the bills therefor, even to paying her husband for his work upon it; that certain moneys claimed by plaintiff to have been borrowed by John, and expended on his own account upon the house, were really voluntarily expended by William, and that John was not in any manner liable to him therefor; that William was liable for the debt in suit. The creditor, or a receiver acting under his judgment, cannot reach a trust fund, created by a person other than the debtor, for the latter's benefit. (2 R. S., 273, §§ 38, 39; *Campbell* v. *Foster*, 35 N. Y., 361; *Hann* v. *Van Voorhis*, 5 Hun, 425.)

The referee found the facts substantially according to the plain-

tiff's claim, and the most important question on this appeal is whether incompetent evidence was received that influenced the report and prejudiced the defendant. John McGuire was sworn as a witness for the plaintiff, and gave evidence tending to show that he paid from $500 to $1,000 upon contracts to build portions of the house. To explain this testimony, and to show that, although John paid a considerable part of the money paid to contractors on the house, he paid it as agent for and on behalf of his father, defendant, on cross-examination, drew out evidence tending to show that he so paid it. Plaintiff then called Torrance, a referee before whom John had testified in the supplemental proceeding, and, under defendant's objection, was allowed to prove that, on his examination in such proceeding, John testified that his father loaned him the money. On cross-examination of the same witness, defendant inquired if he requested his father to give the deed to his wife, to which the witness answered, "No." The referee was allowed to testify, under defendant's objection, that, on witness' examination in such supplemental proceeding, he testified that he gave the deed to his wife as a present; that he so stated to her.

The declarations of the husband were not original evidence, competent as against his wife. (*Gillespie* v. *Walker*, 56 Barb., 185; *Lormore* v. *Campbell*, 60 Barb., 62.) The plaintiff called John McGuire as a witness. By such act he presented him to the court as a person worthy of confidence and belief. After having done so, it was not competent for him to attempt to impeach his general character, nor to prove that at some other time he had made statements inconsistent with his testimony at the trial, for the purpose of discrediting him. We think this evidence was erroneously admitted. It bore upon an important point litigated; its admission was calculated to prejudice the defendant. (*Thompson* v. *Blanchard*, 4 N. Y., 303; *People* v. *Safford*, 5 Denio, 112; *Hunt* v. *Fish*, 4 Barb., 324.)

On the trial defendant claimed that the reason that Curley's bill for work and materials was not paid, was because he had not done the work and furnished the materials according to the specifications. Curley was examined as a witness by defendant, and was asked the question whether he remembered that when he first

asked John for the bill he disputed it, and said that if Curley did not have work torn down and properly done, he would not pay the bill. This was objected to by plaintiff, and excluded by the referee under defendant's exception. We think this was error; that the evidence, if allowed, would have tended to show that the payment of the bill was refused by John for good reason, and not in bad faith with intent to cheat Curley.

The referee allowed plaintiff to show that the land had been assessed and taxed to John McGuire, but refused to allow defendant to show that it was without the knowledge of his father. The evidence offered would have tended to explain the apparent act of dominion by John, that had been given as evidence by plaintiff, and was competent for that purpose. (*Teed* v. *Valentine*, 65 N. Y., 471.)

Except for these errors to the prejudice of the defendant, we would not have been inclined to disturb the finding of the referee, although the *competent evidence* that John McGuire had any equitable title in the land in question is not conclusive.

Judgment reversed; order of reference vacated; new trial ordered with costs to abide event.

LEARNED, P. J., and BOARDMAN, J., concurred in the result on the ground that the evidence of Torrance was not admissible.

Ordered accordingly.