EDWARD BARTON AND ANOTHER, AS ADMINISTRATORS OF NICHOLAS HOSNER, DECEASED, APPELLANTS, *v.* CHARLES HOSNER AND OTHERS, RESPONDENTS.

*Fraudulent transfer of property — right of an administrator to sue to set it aside — when he may recover damages against the fraudulent grantee, if the property has passed to a bona fide purchaser — 1858, chapter* 314.

Under chapter 314, of 1858, an administrator may bring an action to set aside, as fraudulent as against creditors, a conveyance made by his intestate, when it appears that there are creditors whose debts were in existence at the time of the making of the conveyance, and that there is no personal property wherewith to satisfy their claims.

Where in such an action it appears that the property has passed from the hands of the fraudulent grantee or transferee to a *bona fide* purchaser, it seems that a recovery may be had against such fraudulent grantee or transferee for the damages sustained by the estate.

APPEAL by the plaintiffs from a judgment, entered upon a decision made at the Jefferson Special Term, dismissing the plaintiffs' complaint, with costs.

The intestate died February 15, 1879. In January, 1879, he was seized and possessed of two several parcels of land, and was the owner and in possession of a written contract whereby he had become the purchaser of a parcel of land of about five acres, which he had paid for prior to January 24, 1879. On that day he conveyed to Charles Hosner, the defendant, the said lands " in trust, as guardian of Fanny Hosner, a daughter, to be used or disposed of for her support during her natural life, and all the surplus of the proceeds of the avails of said farm, after said support of Fanny Hosner, is to go to the heirs of Nicholas Hosner," and on the same day he assigned the said written contract to the defendant Nelson Hosner in consideration of " twenty-five dollars and services rendered." On the 11th of March, 1879, the plaintiffs were duly appointed administrators of the goods, etc., of Nicholas Hosner, and duly qualified and filed their complaint to vacate such transfers and for other purposes.

The inventory of the personal assets (not exempt) shows eleven dollars and eleven cents.

There was proof given tending to show that the debts and liabilities due by the intestate were $500, or more. The funeral expenses remained unpaid. The trial judge found, viz. : "That the plaintiffs are not in the capacity of administrators of the goods, chattels and credits of Nicholas Hosner, deceased, entitled to judgment vacating and setting aside the aforesaid conveyance of land made by said deceased ;" and ordered that the complaint be dismissed, with costs against the plaintiffs.

Thereafter costs were awarded personally against the administrators by an order of the St. Lawrence Special Term, which was reversed by the General Term in December, 1880.

*D. Beaurup*, for the respondents.

*Wayland F. Ford*, for the appellants.

HARDIN, J. :

Can an administrator maintain an action to set aside a fraudulent conveyance made by the intestate, when it appears there are creditors and no personal estate wherewith to satisfy them, the debts represented by the administrators, and held by the creditors, having been in existence *at the time* of the fraudulent conveyance, is the question involved here and presented by this appeal. The question seems to have been considered in *Livingston* v. *Livingston* (3 Johns. Chy, 148) and resolved adverse to the administrator ; also *Loomis* v. *Tifft* (16 Barb., 541). Judge ALLEN, in that case, said that "the administrator cannot impeach the transfer of his intestate, except in cases allowed by law." That case was decided in 1853, before the passage of the statute of 1858, upon which the plaintiffs rest their right to maintain this action. It has also been held by us in *Richardson* v. *Root* (19 Hun, 473), that a surrogate has no jurisdiction to determine the validity of any such transfer. We find that in 1854 it was held by the Court of Appeals, in *Bate* v. *Graham* (1 Kernan, 237), that it was the right and duty of an administrator of a deceased debtor, whose estate is insolvent, to impeach a sale of personal property, made by the deceased with intent to defraud creditors, and recover the same from the fraudulent vendee. And it was there held that ordinarily the creditor cannot maintain such

an action, but when the administrator colludes with the fraudulent vendee and refuses to take proceedings to impeach his title and reach the property in his hands a creditor may maintain an action against him and the administrator for such purpose. This doctrine was approved in *Sharpe* v. *Freeman* (45 N. Y., 802); *Phelps* v. *Platt* (50 Barb., 430). We are brought, therefore, to inquire whether chapter 314 of the Laws of 1858, authorizes such an action as this one. We find no reported case adjudging the right of an administrator to maintain such an action. But we find the statute was considered in *Osgood, Receiver,* v. *Laytin et al.* (48 Barb., 463; S. C. affirmed, 5 Abbott [N. S.], 9.) Judge INGRAHAM says in that case, the act of 1858 " authorizes receivers to treat as void all acts done in fraud, and makes the parties liable to the receivers for the same."

Judge GROVER in the same case (in Court of Appeals) says in respect to the act of 1858, "that the receiver of an insolvent corporation *may for* the benefit of *creditors treat as void,* and resist all acts done, transfers and agreements made in fraud of the rights of any creditor."

The statute is, viz. : Section 1. That any executor, *administrator*, receiver, assignee or other trustee of an estate, or the property and effects of an insolvent estate, corporation, association, partnership or *individual*, may for the benefit of creditors or others interested in the estate or property so held in trust, disaffirm, treat as void, and resist all acts done, transfers and agreements made in fraud of the rights of any creditor, including themselves and others interested in any estate or property held by, or of right belonging to any such trustee or estate. Section 2. That every person who shall in fraud of the rights of creditors and others, have received, taken, or in *any manner* interfered with the *estate,* property or effects of any deceased person or insolvent corporation, association, partnership or *individual*, shall be liable in the proper action to the executors, administrators, receivers or other trustees of such estate or property for the same, or the value of any property or effects so received or taken, and for all damages caused by such acts to any such trust estate.

The language of the second section seems to impose *liability* upon any person who shall, in fraud of the rights of creditors of " the estate, property or effects of any deceased person * * *

or insolvent individual," have received or interfered with such property.

The same section seems to declare that any such person "shall be liable in the proper action to the executors, administrators, receivers or other trustees of such estate or property for the same, or the value of any property or effects so received or taken." If the whole value of the property or effects is needed to satisfy creditors, then that may be reached by a recovery of the specific property by removal of the fraudulent obstructions or by a sale thereof, according to the general rules applicable in actions of equity, if only a portion thereof is needed to satisfy the demands of creditors, that would be the measure of the recovery.

If the property has passed from the hands of the fraudulent grantee or transferee to a *bona fide* purchaser, then a recovery in damages seems to be provided for.

Such an action in the name of an administrator, as the nature of the case requires, enures to the benefit of all creditors of a deceased person who suffer by the fraud. If brought by the administrator it avoids a multiplicity of actions in cases where the creditors are numerous; it accomplishes a *pro rata* distribution of the debtor's estate when the same is insufficient to pay in full. It thus harmonizes results with general provisions made by law in respect to the distribution of debtors' estates.

*Osgood* v. *Laytin* (5 Abbott [N. S.], 10), *Barclay* v. *Quicksilver Mining Co.* (6 Lansing, 31), *McLean's Surrogate's Court* (p. 414), *Henderson* v. *Brooks* (3 Thompson and Cook, 447), contain nothing in conflict with the views above expressed. The learned judge who delivered the opinion of the court in that case did not refer to, nor does it appear that his attention was called to the statute of 1858. He, however, observed, viz. : " But the executor may doubtless trace the moneys of Erwin into the hands of Brooks, and if transferred to him in fraud of creditors, may recover them for the benefit of the creditors of the estate. I apprehend only so much could be recovered as would be necessary *to pay the debts* of the deceased." Doubtless these observations were made in reference to the rule laid down in *Bate* v. *Graham* (*supra*), and were not based upon any consideration of the act of 1858.

We conclude that the Special Term fell into an error in holding

that the plaintiffs " are not, in the capacity of administrators of the goods, chattels and effects and credits of Nicholas Hosner, deceased," entitled to any relief or recovery in this action upon the facts appearing at the trial.

It is not useful to determine upon this appeal whether the relief should be a removal of the fraudulent obstruction, or a recovery in damages. The doctrine of ALLEN, J., in *Southard* v. *Benner* (72 N. Y., 427), supports the right of the administrator to recover. It is there said that the statute of 1858 (*supra*), " gave a new remedy in favor of creditors at large, by giving to an assignee or trustee for their benefit a statutory right to property conveyed in fraud of creditors, and this statutory right took *the place of the specific lien* of individual creditors, required by law as a condition of their right to contest the validity of the transfers."

It supercedes the necessity of a judgment and execution returned unsatisfied, as in case of a suit by a creditor. (*Allyn* v. *Thurston*, 53 N. Y., 622). True, in that case, the suit was by an assignee in bankruptcy, and it is declared by statute that such assignment in express terms vests the assignee with all property conveyed or transferred in fraud of creditors. But there, as here in the case of an administrator, the creditors defrauded are represented, and through the instrumentality of their representation are seeking redress for the wrong done them by the fraud complained of.

We are referred to *Estes* v. *Wilcox* (67 N. Y., 264), where the general rule in respect to the recovery of a judgment and return of an execution, as a condition precedent to an *action by a creditor*, is carefully laid down in the opinion of ANDREWS, J. The statute of 1858 was not considered in that case, and the opinion has no expression applicable to the question before us.

Nor do the conclusions reached in *Chillingworth* v. *Freeman* (67 Barb., 379) conflict, as in that case the question was not raised which was considered in 67 New York (*supra*.)

In *Evans* v. *Hill* (18 Hun, 464) and *Genesee River Nat. Bank* v. *Mead* (18 Hun, 303) the general rule that a simple contract creditor cannot maintain an action to set aside fraudulent conveyances was reasserted, following 67 New York (*supra*), *Adee* v. *Bigler* (81 N. Y., 349.)

No allusion was made to the statute now brought in review.

If the views already stated are adopted, it follows that the judgment should be reversed and a new trial ordered, with cost of the appeal to abide the final award of costs.

Judgment reversed and a new trial ordered, with costs of appeal to abide the final award of costs.

TALCOTT, P. J., and SMITH, J., concurred.

Ordered accordingly.