(25 Misc. Rep. 232.)

## EBBITT v. DUNHAM et al.

(Supreme Court, Special Term, New York County.   November, 1898.)

FRAUDULENT CONVEYANCE. — RIGHTS OF SUBSEQUENT CREDITOR — ACCOUNTING
   BY GRANTEE.
   A voluntary conveyance by a husband to his wife, made and held with
   intent to defraud his subsequent creditors, entitles a subsequent creditor
   to compel her to account.

Action by William H. Ebbitt against Elizabeth M. Dunham and
others.   Defendant Elizabeth Dunham demurs.   Demurrer overruled.

William B. Ellison, for plaintiff.
Evarts, Choate & Beaman, for defendant demurring.

DALY, J.   This action is brought to require Mrs. Dunham to
account for property conveyed to her by her husband, with intent to
defraud, as it is alleged, the beneficiaries of an estate of which he
was one of the executors and trustees.   She demurs on the ground
that the complaint does not show any indebtedness of the trustee
existing in favor of plaintiff, or any other person, at the time of
the conveyances attacked; that, treating the conveyances as made
prior to the time of the improper investments of estate funds, for
which the trustee has been personally charged by the surrogate, the
plaintiff's allegations do not bring the case within the rule according
to which subsequent creditors can attack the conveyances; and that,
either as to an existing or a subsequent creditor, there is no sufficient
allegation of fraud in the disposition made by the trustee of his own
property.   The defendant's husband became executor and trustee in
February, 1874, and one conveyance to his wife was made in Decem-
ber, 1875.   When the other conveyances of all his property were made,
as alleged, to his wife, is not stated, but it is alleged that they were
made while he was acting as trustee and executor; and it is alleged
that they were all made without consideration, and with intent to
defraud the estate and beneficiaries, and to hinder the latter from
recovering from him, or his estate, satisfaction for so much of the
trust estate as he was found to have wasted by a decree of the sur-
rogate of Queens county in November, 1897, and that Mrs. Dunham
(her husband having died in January, 1888) holds the said property
so received from him with the like intent.   Two of the improper in-
vestments charged against the trustee were made in 1883.   Whether
the indebtedness to the beneficiaries of the estate may be said to
have accrued in 1897 by the decree charging him with the same, or
in 1883, at the time of the improper investments, or at any time after
the conveyances to his wife, is immaterial upon this demurrer; since
the specific charge is made in the complaint that all such conveyances
were without consideration, and were made and are held with intent
to deprive the beneficiaries of the trust estate of effective means
of enforcing, against his individual property, his liability as trustee,
for the funds improperly invested and lost, and for which he is charge-
able.   The facts going to show the fraudulent intent are matters of
proof, and, as evidence, are not proper in pleading.   A voluntary con-

veyance by a husband to a wife is not good as to subsequent creditors if made with intent to defraud them. Neuberger v. Keim, 134 N. Y. 35, 31 N. E. 268. "Plaintiffs' debt was created subsequently to the deed of conveyance, [the grantor] at the time being free from debt. Hence, the plaintiff could successfully assail the deeds only by showing that they were given with a view of continuing in business and creating future debts and saving his property from them, or for the purpose of defrauding his future creditors." Teed v. Valentine, 65 N. Y. 471–474. The allegations of the complaint are specific that such was the intent of the grantor in making the conveyances to his wife, and are therefore sufficient to require her to make answer.

Judgment for plaintiff on demurrer, with costs. Leave to answer on payment, with costs. Ordered accordingly.