WOOD *v.* ROBINSON, Receiver, &c., of the Hollister Bank Buffalo.

Where one advances the purchase money of land, the conveyance of which is taken to another, the statute (1 R. S., 728, § 52) impresses a trust upon the land in favor of the existing creditors of the person paying the purchase money, which they may enforce at any time by action in the nature of a bill in equity.

Although the purchase and conveyance were made with an actual intent to defraud by the person paying the money, the trust in favor of his then creditors prevails over the title of one who takes a conveyance from the grantee, unless he obtain it for a valuable consideration and without notice.

Accordingly, where, after a conveyance to the wife of one who advanced the purchase money, the transaction being fraudulent in fact, a subsequent creditor of the husband procured from the wife a mortgage of land to secure a precedent debt: *Held*, that the statutory trust in favor of the creditor at the time of the transaction prevails over the equal equity and superior diligence of the subsequent creditor.

APPEAL from the Superior Court of Buffalo. Action for the purpose of obtaining a judgment postponing the lien of a certain mortgage of real estate executed by Mrs. Mann and her husband, two of the defendants, to the Hollister Bank, to the lien of the plaintiff's judgment against the husband of Mrs. Mann, and for the sale of so much of such real estate as might be necessary to satisfy the plaintiff's claim. The complaint alleged that after the recovery of the plaintiff's judgment and the return unsatisfied of execution thereon, the defendant, Curtis Mann, purchased the real estate in question for the sum of $5,000—which he paid—and caused the same to be conveyed to his wife; that afterwards Mrs. Mann and her husband mortgaged the land to the Hollister Bank as a security for a debt due from Mr. Mann to the bank then existing and past due, and that the debt had been contracted upon the personal credit of Mr. Mann, and not upon the credit of the real estate. The trial was before the court, and the justice

Wood *v.* Robinson.

found, in addition to the facts above stated, as alleged in the complaint, that Mann had been largely indebted and insolvent at all times after the recovery of the plaintiff's judgment: that Mrs. Mann had no separate estate at the time of the purchase of the real estate in question; and that her husband paid the purchase money and had the conveyance made to his wife, not as an advancement to her, but with intent to defraud his creditors, and in trust for himself. Judgment was entered for the sale of the real estate, and the payment of the plaintiff from the first proceeds thereof. Upon appeal by the receiver of the Hollister Bank, the judgment was affirmed at general term, and the receiver then appealed to this court.

*Thomas C. Welch,* for the appellant, argued that, inasmuch as Mann in fact intended a fraud, the conveyance to his wife was void, not only as to his antecedent, but his subsequent creditors, of whom the bank was one. It is, therefore, immaterial whether the bank acquired its lien by a mortgage voluntarily given, or by proceedings for that purpose. The trust created by the statute (1 R. S., 728) is an imperfect right of creditors to have the property administered as may be necessary in payment of their just demands. Until proceedings are taken to enforce this right, it may not only be defeated by a sale to a *bona fide* purchaser, but by the superior diligence of another creditor. The creditor has no vested trust estate until the commencement of his equitable action. He is bound to use reasonable diligence in commencing and prosecuting it; and any person who may, before the commencement of such action, acquire, for a good and fair consideration, past or present, a specific lien as by mortgage, or absolute title as by deed, is entitled to hold it. He is a purchaser for a valuable consideration, within the meaning of the statute.

*Thomas C. Reyburn,* for the respondent.

DENIO, J. The case of *Garfield* v. *Hatmaker* (15 N. Y., 475) decides that there was no estate in Curtis Mann upon

which the plaintiff's judgment could attach as a lien. The plaintiff was not, therefore, entitled to relief in this action upon the footing of a suit to remove an impediment to the remedy at law. But the case cited decides that, under the 52d section of the statute relative to uses and trusts (1 R. S., 728), a trust resulted to the then existing creditors of the party advancing the purchase money (in this case of Mann), to the extent to which it might be necessary to satisfy their demands. The statute declares, in terms, that every such conveyance as that which was made to Mrs. Mann in the present case "shall be presumed fraudulent as against the creditors at the time of the person paying the consideration; and that where a fraudulent intent is not disproved, a trust shall result in favor of such creditors to the extent that may be necessary to satisfy their just demands." Then the next section contains a saving in favor of purchasers for a valuable consideration without notice of the trust. (§ 54.)

The plaintiff's case is not the worse on account of the fact found by the judge, that Mann paid the purchase money and caused the conveyance to be taken to his wife, with intent to defraud his creditors. Such would be the judgment of law upon the transaction without any extrinsic evidence of a fraudulent intent. The only effect of this part of the finding is to preclude the idea of an advancement to the wife. A case may be supposed where the indebtedness of the party advancing the consideration was so small in proportion to his property as to negative the allegation of a fraudulent intent. But no such feature was presented in the present instance, for · it is found as a fact that Mann was largely indebted and insolvent at the "time of recovery of the judgment which the plaintiff owns, and ever since."

The case then is precisely within the statute, and the plaintiff is entitled to subject the land to the payment of the debt, unless the Hollister Bank, which the defendant represents, stands in the position of a *bona fide* purchaser within the meaning of the 54th section. We are of opinion that such is not the case. It is found that the bank had no notice or know-

Wood *v.* Robinson.

ledge of the judgment against Mann; but it is not stated that its officers were not aware that the premises were purchased with the money of Mann, or that they were ignorant of his indebtedness and his insolvent condition. If, therefore, the decision depended upon the question whether the defendant had notice of the trust, the case would not be free from embarrassment. But the mortgage was taken as collateral security for an antecedent debt, nothing being advanced at the time and no security given up. It is not found that there was any definite contract for extending the credit on the demands which the bank held against Mann; but for anything which appears these demands might have been prosecuted immediately notwithstanding the execution of the mortgage. Where a conveyance is made or a security taken the consideration of which was an antecedent debt, the grantee or party taking the security is not looked upon as a *bona fide* purchaser. The expression in the statute is borrowed from the language of courts of equity, and must be interpreted in the sense in which it is there understood; and it is well settled that a grantee or incumbrancer, who does not advance anything at the time, takes the interest conveyed, subject to any prior equity attaching to the subject. (*In the matter of Howe*, 1 Paige, 125; *Arnold* v. *Patrick*, 6 id., 310; 3 Barb. S. C. R., 267.)

We think the complaint was well enough adapted to the case made by the evidence and to the facts found, and that the relief granted by the Supreme Court was appropriate to such a case. The judgment must, therefore, be affirmed.

All the judges concurring,

Judgment affirmed.