The reasons given by Judge EMOTT (33 Barb. 9) for the judgment appealed from, are to my mind satisfactory and conclusive. It may, I think, be added that the provisions of the revised statutes relied upon have no application to this case. At common law, if a conveyance is made to one person, and the consideration is paid by another, a trust in equity results in favor of him who paid the money. If this rule has not been modified or abrogated by the revised statutes, it will be conceded that of the payment of the money for the purchase by Youngs, trust resulted in favor of this plaintiff. It was paid for her and for her benefit, and the same results follow as is she had paid it herself. But it is contended that this rule of the common law has been changed, as it undoubtedly has, by the provisions of section fifty-one of the revised statutes, relating to uses and trusts (3 R.S. 5th ed. p. 15), which declares that when a grant for a valuable consideration is made to one person, and the consideration is paid by another, no use or trust shall result in favor of the person by whom the payment is made, but the title shall vest *Page 615 
in the person named as alienee, subject only to the provisions of the next section. But the fifty-third section declares that the provisions of the fifty-first section shall not extend to cases where the alienee named in the conveyance shall have taken the same as an absolute conveyance in his own name, without the consent or knowledge of the person paying the consideration. Now it is found as a fact in this case that this plaintiff, who in substance paid the consideration for this conveyance, had no knowledge of, and did not consent to, Youngs' taking the conveyance absolutely and in his own name. It follows, therefore, that the provisions of the fifty-first section are inapplicable, and that the rule of the common law is revived, and by it the rights of the parties are to be settled.
We would also be justified in assuming, to maintain this judgment, if it were necessary, that neither Mr. or Mrs. Siemon gave any consent or had any knowledge that Youngs took the conveyance as an absolute one, in his own name. It is not found that they, or either of them, had such knowledge or gave such consent, and we therefore assume they had not, and never gave it. (Grant v. Morse, 22 N.Y. 323.) Neither of the Austins werebona fide purchasers, and can claim nothing as such. (Wood v.Robinson, 22 N.Y. 564.)
The judgment should be affirmed, with costs.
All the other judges concurring, judgment affirmed. *Page 616